I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
<small>FOR THE</small> D<small>ISTRICT OF</small> N<small>EW</small> M<small>EXICO</small>
_____

**SALVADOR RUBIO,**

   **Plaintiff,**

**v.**                   No. CIV 04-1409 BB/LCS

**MCANALLY ENTERPRISES, L.L.C.,**

   **Defendant.**

M<small>EMORANDUM</small> O<small>PINION</small>
<small>AND</small>
O<small>RDER</small>

This MATTER is before the Court on Defendant's Notice of Removal. (Doc. 1, "Notice".) The Court finds that the Notice fails to allege the necessary facts to sustain diversity jurisdiction and will order that Defendant file an Amended Notice of Removal within ten days.

B<small>ACKGROUND</small>

Defendant, McAnally Enterprises, is a Missouri limited liability company ("LLC"). (Notice.) Its principal place of business is California. Defendant alleges in Paragraph Four of its Notice of Removal that, "Thus, McAnally is a citizen of Missouri and California." Id. Defendant alleges that this removal is based on diversity jurisdiction. Plaintiff was a citizen of New Mexico at the time he filed his

complaint and his citizenship remained unchanged as of the date of filing of the Notice of Removal.

## DISCUSSION

Diversity jurisdiction requires that the plaintiff and defendant be citizens of different states. 28 U.S.C. § 1132. An LLC is treated as a partnership for purposes of determining whether there is diversity jurisdiction, i.e., it is a citizen of all states where it has members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998).[1] The state where it is registered or has its principal place of business is not considered. Charles A. Wright, et al., Federal Practice and Procedure § 3723 (1998).

Here, Defendant's Notice of Removal states that Defendant McAnally LLC is registered in Missouri and has its principal place of business in California. (Notice at ¶ 4.) However, because McAnally is an LLC, there would only be diversity jurisdiction if McAnally lacked members who were citizens of New Mexico. The Notice fails to allege the citizenship of all of McAnally's members at the time of the complaint and when the Notice of Removal was filed. Thus, the Notice fails to allege

---

[1] The Court has found no 10th Circuit appellate opinions on this question. Four 10th Circuit district court opinions conclude that LLCs should be treated like partnerships for diversity purposes. Bower v. Stein Ericksen Lodge Owners' Ass'n, Inc., 2000 WL 33710908 (D. Utah); Hale v. Mastersoft Intern. Pty. Ltd., 93 F.Supp.2d 1108, 1112 (D. Colo. 2000); Tilzer v. Davis, Bethune & Jones, LLC and Davis, 2004 WL 825289 (D. Kan.); Birdsong v. Westglen Endoscopy Center, L.L.C., 176 F.Supp.2d 1245, 1248 (D. Kan. 2001). The rationale for this conclusion is implied from a Supreme Court case about diversity jurisdiction for limited partnerships, Carden v. Arkoma Assoc., 494 U.S. 185, 187-197 (1990) in which the Court concluded that broadening diversity jurisdiction is for Congress, not the courts.

sufficient facts for the Court to determine whether there is diversity jurisdiction between Plaintiff and this LLC. <u>Cosgrove</u>, 150 F.3d at 731.

Subject matter jurisdiction cannot be conferred. <u>Laughlin v. K-Mart Corp.</u>, 50 F.3d 871, 873 (10th Cir. 1995). Moreover, if the parties fail to raise the issue of jurisdiction, the Court has the duty to raise and resolve the matter. <u>Tuck v. United Services Auto. Ass'n</u>, 859 F.2d 842, 844 (10th Cir. 1988).

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. <u>Hendrix v. New Amsterdam Casualty Co.</u>, 390 F.2d 299, 300 (10th Cir. 1968). However, technical defects may be cured by amendment of the Notice. <u>Id.</u> (permitting amendment to allege citizenship rather than residence); <u>Buell v. Sears, Roebuck & Co.</u>, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment to allege corporation's principal place of business); <u>In re Transamerica Assurance Co.</u>, 198 F.3d 259, *2 (10th Cir. 1999) (unpublished decision) (upholding denial of amendment where defendant failed to allege specific facts showing amount in controversy). Such amendments may be ordered sua sponte. <u>Buell</u>, 321 F.2d at 471.

## O R D E R

For the above stated reasons, Defendant is ORDERED to file an Amended Notice of Removal within ten days adequately stating specific facts to permit this Court to assess whether diversity jurisdiction exists.

**SO ORDERED this 19th day of April, 2005.**

_____
**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**
   **Brett Duke**
   **Law Office of Brett Duke, P.C.**
   **4157 Rio Bravo**
   **El Paso, TX  79902**

**For Defendant:**
   **Letitia Nunez**
   **Ray, Valdez, McChristian and Jeans, P.C.**
   **5822 Cromo Dr.**
   **El Paso, TX  79912**