IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**SALVADOR RUBIO,**

        **Plaintiff,**

**v.**                                                              **No. CIV 04-1409 BB/LS**

**MCANALLY ENTERPRISES, L.L.C.,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand.  (Doc. 5.) The Court has reviewed the submissions of the parties and the relevant law.  For the reasons set forth below, the Court finds Plaintiff's Motion is not well-taken and should be **DENIED**.

### BACKGROUND

Defendant hired Plaintiff on or about May 25, 2004.  (Notice Ex. A ¶ 4.) On May 31, 2004, Plaintiff sustained a work injury.  (Id. at ¶ 6.)  He filed for and received workers' compensation from Defendant's insurance carrier.  (Id.) Defendant discharged Plaintiff on September 9, 2004, allegedly because he filed for workers' compensation.  (Id. at ¶ 7.)  On November 10, 2004, Plaintiff filed a lawsuit in New Mexico state district court raising but one claim--retaliatory discharge.

(Notice at ¶ 1; Ex. A at ¶ 1.)  On December 20, 2004, Defendant filed a timely Notice of Removal alleging diversity jurisdiction under 28 U.S.C. § 1332.[1]  (Notice at ¶ 7.)  On January 19, 2005, Plaintiff filed a timely Motion to Remand, not challenging diversity jurisdiction, but alleging that this case arises under the New Mexico workers' compensation laws and thus removal is barred by 28 U.S.C. § 1445(c).  (Motion at ¶ 4.)   The question before this Court is whether a New Mexico claim of retaliatory discharge does, in fact, arise under the state's workers' compensation law.

### DISCUSSION

**Section 1445(c)**

Section 1445(c) provides that, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Whether a claim arises under a state's workers' compensation law is a question of federal law.  See Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 705 (1972); Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997).  A court applies the framework for analyzing

---

[1] Defendant's Notice of Removal was defective in that it stated facts relevant to determining Defendant's citizenship if Defendant were a corporation, but Defendant is a limited liability company.  The Court ordered Defendant to file an amended Notice of Removal stating the necessary facts for this Court to determine whether diversity jurisdiction existed.  (Doc. 22.) Defendant filed that amended Notice of Removal on April 29, 2005. (Doc. 23).

whether a claim "arises under" a federal law for purposes of 28 U.S.C. § 1331 to determine whether a claim "arises under" a state's workers' compensation laws. Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000).

A claim arises under a federal law if (1) the law is an essential element of the cause of action, (2) the plaintiff would recover under one construction of the law and not recover under another construction, (3) a genuine controversy exists about the law, and (4) that controversy is found on the face of the complaint. Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). The claim must clearly and substantially involve a dispute or controversy respecting the validity, construction, or effect of such a law which will be outcome determinative. Madsen v. Prudential Federal Sav. & Loan Ass'n, 635 F.2d 797, 801 (10th Cir. 1980).

**Does Plaintiff's Claim Arise Under New Mexico's Workers' Compensation Law?**

To apply this framework, the Court must determine whether the elements of Plaintiff's claim arise under New Mexico's workers' compensation law. In New Mexico, retaliatory discharge has three elements: (1) the employee must have acted to further an end that public policy encourages, (2) the employer knew of or suspected the employee's action, and (3) the employee's action was a motivating factor in the employer's decision to discharge him. UJI 13-2304 NMRA; Vigil v. Arzola, 699 P.2d 613, 620 (N.M. Ct. App. 1983) (overruled on other grounds by Chavez v. Manville Products Corp., 777 P.2d 371 (N.M. 1989)). Thus, in this case,

**Plaintiff would have to prove that (1) he filed for workers' compensation, (2) Defendant knew or suspected he had done so, and (3) Defendant's decision to discharge him was motivated by that filing.**

**The validity or construction of the New Mexico Workers' Compensation Act is not in issue in establishing the elements for retaliatory discharge.  <u>Madsen</u>, 635 F.2d at 801.  The cause of action does not arise out of the employment relationship <u>per se</u>; but rather the violation of public policy in retaliating against someone for exercising a right protected by the law.  See, e.g., <u>Boyd v. Permian Servicing Co., Inc.</u>, 825 P.2d 611 (N.M. 1992) (State Act exclusive where death arose out of child's employment in violation of federal child labor laws).  There is no genuine controversy over the law or any interpretation of it that would lead to a recovery because the New Mexico Act does not create a civil remedy for retaliatory discharge. <u>See</u>, <u>Michaels v. Anglo American Auto Auctions, Inc.</u>, 869 P.2d 279, 282 (N.M. 1994) (Act is exclusive when it applies).[2] The complaint contains no genuine dispute about the Act on its face. <u>Gully</u>, 299 U.S. at 112. The Act is present only indirectly as evidence of public policy.**

---

[2]The New Mexico Supreme Court first recognized retaliatory discharge for filing a workers' compensation claim in <u>Michaels</u>.  Based on a 1991 amendment to the Workers' Compensation Act that prohibited discharging an employee for filing a claim, the court held that (1) the amendment provided a clear public policy statement that could serve as a predicate for retaliatory discharge, (2) the statute's "exclusive remedy" provision did not apply to a claim of retaliatory discharge, and therefore, (3) an "independent" cause of action should be recognized to protect New Mexico workers who file compensation claims.

4

14C Charles Alan Wright, et al., Federal Practice and Procedure Jurisdiction § 3729 (2d ed. 1998). As a result, a claim of retaliatory discharge does not arise under the Act.

Plaintiff relies on precedents from jurisdictions which, unlike New Mexico, have expressly created a private cause of action permitting a plaintiff to collect retaliatory discharge damages under their workers' compensation laws.  Such is the case in Oklahoma, Texas, and Missouri.  85 Okl.St.Ann. §§ 5-6; Suder, 116 F.3d at 1353; V.T.C.A. Labor Code §§ 451.001-.002; Trevino v. Ramos, 197 F.3d 777, 781 (5th Cir. 1999); Mo. Rev. Stat. § 287.780; Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995).  In these jurisdictions, it would seem plain that a claim for retaliatory discharge arises under the law that creates the cause of action and provides a remedy, Humphrey, 58 F. 3d at 1246.  Not wishing to undermine the state's statutory scheme of providing an outlet for pursuing workers' compensation benefits free of retaliation, federal courts in those states have routinely remanded retaliatory discharge cases back to state court. Humphrey, 58 F.3d at 1247; Trevino, 197 F.3d at 781-82; Suder, 116 F.3d at 1352-53; see 6 Emp. Discrim. Coor. § 3:10 (Thompson-West 2005).

However, the New Mexico Workers' Compensation Act is not similar to these statutes.  Rather than providing a private right of action and civil damages, the Act is designed to avoid the uncertainty of litigation and provide prompt basic

compensation.  <u>Jones v. George F. Getty Oil Co.</u>, 92 F.2d 255, 259 (10th Cir. 1937); <u>Casillas v. S.W.I.G.</u>, 628 P.2d 329, 331 (N.M. Ct. App. 1981). It accomplishes these goals by providing typical administrative remedies followed by an appeal to the Court of Appeals, not by filing an action in district court.  NMSA 1978, § 52-5-5; NMSA 1978, §  52-5-8; <u>see</u>, <u>Lucero v. City of Albuquerque</u>, 43 P.3d 352 (N.M. Ct. App. 2002) (procedures for bringing claim for prohibited conduct). Thus, the New Mexico Workers' Compensation Act is not analogous to the statutes examined in <u>Humphrey</u>, <u>Suder</u>, or <u>Trevino</u>.  Plaintiff's retaliatory discharge claim does not arise under the state's workers' compensation laws, removal is not barred by § 1445(c) and Plaintiff's remand motion will be denied.

<u>**Attorneys' Fees**</u>

Defendant has asked for attorneys' fees necessitated by responding to Plaintiff's Motion for Remand.  Section 1447(c) permits a court to award attorneys' fees when a case is remanded and by its terms does not permit an award of fees when removal is proper.  Nonetheless, at least one court has used the authority in § 1447(c) to award fees to a defendant who successfully contested removal.  <u>See</u>, <u>Barraclough v. ADP Automotive Claims Services, Inc.</u>, 818 F.Supp. 1310, 1313 (N.D. Cal. 1993).

However, the Court declines to award attorneys' fees to Defendant here.  In Defendant's own words, this was "a case of first impression in New Mexico." (Dfdts. Resp., Doc.  12 at 2.)  Thus, it involved substantial questions regarding New Mexico's

6

Workers' Compensation Act which neither this Court nor the Tenth Circuit had previously addressed.  <u>Bearden v. PNS Stores, Inc.</u>, 894 F.Supp. 1418, 1424 (D. Nev. 1995).  Plaintiff had a legitimate basis for opposing removal and an award of fees is not appropriate in this case. <u>Daleske v. Fairfield Communities, Inc.</u>, 17 F.3d 321, 325 (10th Cir. 1994).

## ORDER

For the above stated reasons, the Court finds that a tort of retaliatory discharge does not arise under the New Mexico Workers' Compensation Act; as a result, this case is removable.  Plaintiff's motion to remand is not well-taken and is DENIED. Defendant's request for attorneys' fees is DENIED.

SO ORDERED this 27th day of June, 2005.

*[signature: Bruce D. Black]*
**BRUCE D. BLACK**
**United States District Judge**

For Plaintiff:
   Brett Duke
   The Law Offices of Brett Duke, P.C.
   4157 Rio Bravo
   El Paso, TX  79902

For Defendant:
   Letitia Nunez
   Ray, Valdez, McChristian & Jeans, P.C.
   5822 Cromo Dr.
   El Paso, TX  79912